1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12     CHETAN UTTERKAR,                          Case No.14-CV-02250-LHK

13               Plaintiff,                        **ORDER GRANTING IN PART AND
                                                  DENYING IN PART PLAINTIFF'S**
14          v.                                    **MOTION FOR LEAVE TO FILE
                                                  SECOND AMENDED COMPLAINT**
15     EBIX, INC., et al.,
                                                  Re: Dkt. No. 63
16               Defendants.

17

18          Plaintiff Chetan Uttarkar[1] ("Plaintiff") brings this action against Defendants Ebix, Inc.,

19     Sudhir Bajaj, and Does 1 through 10 (collectively, "Defendants").  Before the Court is Plaintiff's

20     motion for leave to file a Second Amended Complaint.  ECF No. 63.  The Court finds this motion

21     suitable for decision without oral argument under Civil Local Rule 7-1(b) and hereby VACATES

22     the motion hearing set for August 27, 2015, at 1:30 p.m.  The case management conference set for

23     August 27, 2015, at 1:30 p.m. remains as scheduled.

24

25     _____

26     [1] The First Amended Complaint states that Plaintiff's name is "Chetan Utterkar," ECF No. 33, ¶ 1,
       but the proposed Second Amended Complaint states that his name is "Chetan Uttarkar," ECF No.
27     63, Ex. A.  Plaintiff asserts in his motion for leave to file a Second Amended Complaint that the
       Second Amended Complaint has the correct spelling of his name.  ECF No. 63.

1

28     Case No.14-CV-02250-LHK
       ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE
       SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

Having considered the parties' submissions, the record in this case, and the relevant law, the Court hereby GRANTS Plaintiff's motion to file the proposed Second Amended Complaint as to the first through seventh causes of action against Defendant Bajaj, and DENIES Plaintiff's motion to file the proposed Second Amended Complaint as to the remaining defendants and as to the eighth cause of action.

## I.    BACKGROUND

### A.  Factual Background

On or around April 3, 1999, Plaintiff and Bajaj, then President of PlanetSoft, Inc. ("PlanetSoft"), signed a Memorandum of Understanding ("MOU") summarizing the terms and conditions of Plaintiff's partnership with PlanetSoft.  Proposed Second Am. Comp. ("SAC"), ECF No. 63, Ex. A, ¶¶ 20-21.  The MOU required that Plaintiff would work half-time for PlanetSoft for three months and then either Plaintiff or his spouse, Marceline Uttarkar, would work full-time thereafter on "mutual consent of both parties."  First Am. Comp. ("FAC"), ECF No. 33, Ex. 1.[2] The agreement would also "be finalized upon at [sic] the end of the 3 months."  *Id.*  The MOU detailed that Plaintiff would be working half-time "to develop new business in PlanetSoft's area of specialty in the New York and New Jersey areas" at a salary of $40,000.00/yr. prorated monthly. *Id.*  That salary would increase to $80,000.00/yr. for full-time work upon "mutual agreement" and "satisfactory full time focus."  *Id.*  In addition, the MOU required that Plaintiff would "invest $25,000.00 towards the equity of PlanetSoft."  *Id.*; SAC ¶ 23.  The MOU provided that Plaintiff would receive 5 percent of the equity in PlanetSoft in exchange for one person's full-time work and the $25,000.00 investment.  SAC ¶ 25; FAC Ex. 1.  Plaintiff was further given the option to invest $50,000.00 more for an additional 2.5 percent interest in PlanetSoft, but Plaintiff did not do so.  SAC ¶ 24.  Finally, the MOU noted that all equity would be vested as long as Plaintiff was "operationally participating in the growth and development of PlanetSoft business on a full time

---

[2] The Court notes that although the SAC purports to refer to various exhibits, none of those exhibits are attached to the SAC.  The Court therefore refers to the corresponding exhibits as attached to the FAC.

Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

basis." FAC Ex. 1. According to the MOU, if participation by Plaintiff was no longer full time, "equity will be bought back prorated on the basis of valuing the company at twice the current revenue." SAC ¶ 27; FAC Ex. 1.

The MOU was written on PlanetSoft letterhead. SAC ¶ 21; FAC Ex. 1. The MOU was signed by Defendant Bajaj and by Plaintiff. FAC Ex. 1. The signed MOU was faxed to Plaintiff from PlanetSoft's office and lists Bajaj's PlanetSoft email address. *Id.* Plaintiff paid the $25,000.00 initial investment to PlanetSoft. SAC ¶ 28. Plaintiff's spouse, Marceline Uttarkar, worked full time at PlanetSoft from June 1999 until about February 2004. *Id.* ¶ 32. Plaintiff worked full time at PlanetSoft from September 2000 until about July 2001, at which point he ceased working at PlanetSoft due to 66 percent wage cuts. *Id.* ¶¶ 30-31.

Plaintiff alleges that he "requested and offered Defendants numerous opportunities from 2003 through 2013 to buy back Plaintiff's vested 5% equity" in PlanetSoft, and that "[s]ettlement discussions" took place during that period. *Id.* ¶ 46. In 2008, Defendant Bajaj and the former attorney for PlanetSoft, Shivbir Grewal, "discussed formal settlement/mutual release" with Plaintiff that "proposed to buy back Plaintiff's 5% vested equity as well as reimburse Plaintiff for expenses and unpaid wages incurred during, relating to, and resulting from Plaintiff's employment" with PlanetSoft. *Id.* ¶ 48. While the agreement was drafted, it was never executed because Defendant Bajaj "ceased all communications" with Plaintiff. *Id.* Plaintiff alleges that he "pursued and followed-up" with Defendant Bajaj from 2009-2011 to no avail. *Id.* ¶ 49.

Plaintiff alleges that around June of 2012, Ebix purchased all of PlanetSoft's stock for approximately $40 million dollars. *Id.* ¶ 56; FAC Ex. 2. Plaintiff alleges that Ebix "reportedly acquired all of the outstanding capital stock of [PlanetSoft] for $35,000,000.00 in cash at closing, and $5,000,000.00 payable in the form of 297,265 shares of the common stock of [Ebix] issued at closing." SAC ¶ 57. The deal also "reportedly involve[d] earn-out cash payments to [PlanetSoft] shareholders, based on specific revenue numbers achieved" within two years. *Id.* Following the sale, Bajaj allegedly resumed communicating with Plaintiff by telephone and email "to discuss

Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

settlement and release of Plaintiff's 5% vested equity" in PlanetSoft, but Bajaj did not inform Plaintiff of the sale to Ebix. *Id.* ¶¶ 50-54. After Plaintiff learned of the sale, Plaintiff contacted Ebix and Bajaj multiple times through counsel requesting compensation for Plaintiff's 5 percent interest in PlanetSoft. *Id.* ¶¶ 61–62; FAC Ex. 3. Plaintiff has not received any compensation for his 5 percent interest in PlanetSoft. SAC ¶ 60.

Plaintiff resides in Santa Clara County, California. *Id.* ¶ 1. Ebix is a Delaware corporation headquartered in Atlanta, Georgia, and does business in California. *Id.* ¶ 4. Bajaj has residences in India, Florida, Georgia, and California. *Id.* ¶ 2, 14. Bajaj is the President of PlanetSoft, Inc., a former Delaware corporation whose primary place of business is Sacramento, California. *Id.* ¶ 2.

**B. Procedural History**

Plaintiff filed his original complaint on May 15, 2014. ECF No. 1. Defendant Ebix filed motions to dismiss and to transfer on July 21, 2014. ECF Nos. 15, 16. Plaintiff filed timely oppositions, ECF Nos. 18, 19, and Ebix filed timely replies, ECF Nos. 20, 21. On October 6, 2014, the Court granted Ebix's motion to dismiss Plaintiff's breach of contract claim without prejudice. ("October 6, 2014 Order"), ECF No. 29. In the October 6, 2014 Order, the Court also denied Ebix's motion to dismiss or transfer venue. *Id.*

Plaintiff filed his First Amended Complaint on October 23, 2014. FAC, ECF No. 33. Defendant Ebix filed a motion to dismiss on November 18, 2014. ECF No. 44. Plaintiff filed a timely opposition, ECF No. 49, and Ebix filed a timely reply, ECF No. 50. On March 18, 2015, the Court granted Ebix's motion to dismiss Plaintiff's breach of contract claim with prejudice. ("March 18, 2015 Order"), ECF No. 59.

While Plaintiff served Defendant Ebix on May 30, 2014, Plaintiff was unable to effectuate service on Defendant Bajaj as Plaintiff could not locate Bajaj. *See* ECF No. 52. On December 15, 2014, Plaintiff filed a "Status Report re: Service upon Defendant Sudhir Bajaj." *Id.* Plaintiff represented that on December 6, 2015, a Mr. Navipeta Mahest personally served a security guard at the gated entrance to Bajaj's residence in Secunderabad, India. *Id.* Plaintiff also mailed the

United States District Court
Northern District of California

4

1  documents to the residence and emailed the documents to Bajaj's two last known email addresses

2  on December 15, 2014.  *Id.*

3          On December 29, 2014, Defendant Bajaj made a special appearance and filed a motion to

4  dismiss for defective service, lack of personal jurisdiction, and failure to state a claim.  ECF No.

5  53.  Plaintiff filed his opposition on January 12, 2015, ECF No. 54, and Bajaj filed a timely reply,

6  ECF No. 55.  On March 18, 2015, the Court granted Bajaj's motion to dismiss for defective

7  service without prejudice.  ECF No. 59.  The court further noted that Plaintiff had not sufficiently

8  alleged facts showing that the Court's exercise of personal jurisdiction over Bajaj would be

9  appropriate.  *Id.*

10          Plaintiff filed the instant motion for leave to file a Second Amended Complaint on April 1,

11  2015.  ECF No. 63.  The proposed Second Amended Complaint would add PlanetSoft, Inc. and

12  PlanetSoft Holdings, Inc. as defendants, remove the cause of action for breach of contract, and add

13  seven new causes of action.  *Id.*  Defendant Bajaj made a special appearance and filed an

14  opposition on April 15, 2015.  ECF No. 68.  Plaintiff filed a timely reply.  ECF No. 69.  Defendant

15  Ebix filed its opposition on May 29, 2015, ECF No. 81, and Plaintiff filed a timely reply to Ebix's

16  opposition, ECF No. 85.

## II.     LEGAL STANDARD

18          Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give

19  leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 . .

20  . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Lopez v.*

21  *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  Nonetheless, a district court may deny

22  leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the

23  movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

24  to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *See*

25  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512

26  F.3d 522, 532 (9th Cir. 2008).  Of these considerations, "it is the consideration of prejudice to the

27

28  Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

1    opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

2    1048, 1052 (9th Cir. 2003) (per curiam).  "Absent prejudice, or a strong showing of any of the

3    remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to

4    amend." *Id.* (emphasis in original).  Nevertheless, a proposed amendment may be denied as futile

5    "if no set of facts can be proved under the amendment to the pleadings that would constitute a

6    valid and sufficient claim or defense." *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th

7    Cir. 1988).  Ordinarily, however, "courts will defer consideration of challenges to the merits of a

8    proposed amended pleading until after leave to amend is granted and the amended pleading is

9    filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

## III.    DISCUSSION

11        Plaintiff argues that the proposed Second Amended Complaint alleges facts sufficient for

12   the Court to properly exercise personal jurisdiction over Defendant Bajaj.  ECF No. 63.  In

13   addition, the proposed Second Amended Complaint would rename fictitious Doe Defendants 1

14   and 2 as PlanetSoft, Inc. and PlanetSoft Holdings, Inc. (collectively, "the PlanetSoft Defendants"),

15   and replace the cause of action for breach of contract with seven new causes of action.  *Id.*; SAC.

16   The Court addresses the relevant *Foman* factors for each of these proposed changes separately.

17   The Court begins by addressing whether the proposed SAC supports the exercise of personal

18   jurisdiction over Defendant Bajaj.  The Court next addresses the proposed inclusion of the

19   PlanetSoft Defendants.  Finally, the Court addresses the additional causes of action.

### A.  The Exercise of Personal Jurisdiction Over Defendant Bajaj

21        The Court briefly describes its March 18, 2015 Order on Bajaj's motion to dismiss the

22   FAC before turning to the allegations related to personal jurisdiction in the SAC.  In the March 18,

23   2015 Order, the Court held that Plaintiff had not alleged facts sufficient to show that the Court

24   could exercise personal jurisdiction over Defendant Bajaj.  ECF No. 59.  Specifically, the Court

25   held that Plaintiff's assertion in his briefing that Bajaj "personally owned property and lived in

26   California at times relevant to this litigation until approximately 2012," ECF No. 54 at 14-15, was

27

28   Case No.14-CV-02250-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE
     SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

insufficient to support the exercise of general jurisdiction over Bajaj because this assertion was not alleged in either the FAC or an affidavit.  ECF No. 59.  The Court further held that Plaintiff had not alleged a sufficient basis for the exercise of specific jurisdiction because Bajaj's only California contacts alleged in the FAC were those of PlanetSoft, not Bajaj, and Plaintiff did not allege any nexus between PlanetSoft's contacts with California and Plaintiff's cause of action against Bajaj.  *Id.*  The Court cautioned that failure to cure the deficiency in alleging personal jurisdiction over Bajaj would result in a dismissal with prejudice.  *Id.*

In the proposed SAC, Plaintiff alleges that "[o]n information and belief, at all material times, Defendant SUDHIR BAJAJ personally owed [sic] property and resided in the State of California."  SAC ¶ 14.  Plaintiff additionally alleges that Defendant Bajaj directed PlanetSoft to conduct business in California.  *Id.* ¶¶ 15-16.

Defendant Bajaj argues that Plaintiff's allegations are insufficient to establish the Court's personal jurisdiction over Bajaj, ECF No. 68 at 4-6, thus rendering the proposed amendments futile.  A proposed amendment may be denied as futile only "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *See Miller*, 845 F.2d at 214 (9th Cir. 1988).

When there is no applicable federal statute governing personal jurisdiction, as is the case here, the law of the forum state determines personal jurisdiction.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  California's long-arm statute, which determines personal jurisdiction, is coextensive with federal due process requirements, and therefore the analysis for personal jurisdiction is the same under both state and federal law.  *Id.* at 800–01; Cal. Civ. Proc. Code § 410.10.  There are three traditional bases for personal jurisdiction: physical presence, domicile, and consent.  *See, e.g.*, *Martin v. D-Wave Sys., Inc.*, No. 09-3602, 2009 WL 4572742, at *2 (N.D. Cal. Dec. 1, 2009).  "[J]urisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.'"  *Burnham v.*

Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

*Superior Court of Cal., Cnty. of Marin*, 495 U.S. 604, 619 (1990).  The proposed SAC alleges that Bajaj lives in California.  SAC ¶ 14.  This is a sufficient allegation of Defendant Bajaj's physical presence in California to support the exercise of personal jurisdiction over him.  *See Burnahm*, 495 U.S. at 619; *see also Rupert v. Bond*, No. 12-5292, 2013 WL 5272462, at *12 (N.D. Cal. Sept. 17, 2013) ("Here, the Court has jurisdiction over Zusman as he is a California resident.").

Bajaj argues that the allegation in the proposed SAC that he lives in California should not suffice to establish the Court's personal jurisdiction because the allegation is made only on "information and belief" without any supporting evidence.  ECF No. 68 at 4.  However, in evaluating personal jurisdiction based on the complaint, "uncontroverted allegations in plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (alterations omitted).  Bajaj has not submitted any affidavit indicating that he does not live in California.  Instead, Bajaj merely points to the Plaintiff's opposition to Bajaj's motion to dismiss the FAC, in which Plaintiff argued that Bajaj "personally owned property and lived in California at times relevant to this litigation until approximately 2012" to contradict the allegation in the proposed SAC.  *See* ECF Nos. 54, 68.  These assertions are not necessarily contradictory, because, for example, Bajaj may have owned property and lived in California until 2012 and then again from 2013 through the present.  Moreover, the Court must resolve any conflict in Plaintiff's favor.  *See Brayton Purcell LLP*, 606 F.3d at 1127.  Therefore, the proposed SAC would support the Court's exercise of personal jurisdiction over Defendant Bajaj, and the proposed amendments are not thereby futile.

Defendant Bajaj does not challenge any of the remaining *Foman* factors with respect to the new jurisdictional allegations in the SAC.  *See* ECF No. 68.  This is Plaintiff's first attempt to amend his complaint with respect to Defendant Bajaj, and in the March 18, 2015 Order, the Court granted Plaintiff leave to amend to cure the jurisdictional defects in the FAC.  ECF No. 59.  Thus, the *Foman* factor regarding repeated failure to cure deficiencies by amendments previously

United States District Court
Northern District of California

1    allowed does not apply. *See Foman*, 371 U.S. at 182. Plaintiff filed his proposed SAC by the

2    deadline provided by the Court, *see* ECF No. 63 (Plaintiff's motion filed April 1, 2015); ECF No.

3    59 at 16 (March 18, 2015 Order giving Plaintiff until April 1, 2015 to file a SAC). As such,

4    Plaintiff did not unduly delay making the proposed jurisdictional amendments. *See Foman*, 371

5    U.S. at 182. Moreover, Bajaj has not shown that he would be prejudiced by the amendments nor

6    has he made any allegation that the proposed amendments are made in bad faith. *See id.*

7    Therefore, all of the *Foman* factors weigh in favor of permitting Plaintiff to amend the

8    jurisdictional allegations in his complaint.

9        **B. The PlanetSoft Defendants**

10        The proposed SAC names PlanetSoft, Inc. and PlanetSoft Holdings, Inc. as defendants and

11    asserts causes of action against the PlanetSoft Defendants for fraudulent transfer, unjust

12    enrichment, fraud, negligent misrepresentation, breach of fiduciary duty, breach of the implied

13    covenant of good faith and fair dealing, and breach of Delaware General Corporate Law. *See* SAC.

14        Defendant Bajaj argues that the inclusion of the PlanetSoft Defendants would deprive the

15    Court of subject matter jurisdiction because the PlanetSoft Defendants are not diverse from

16    Plaintiff. *See* ECF No. 68. Furthermore, the absence of subject matter jurisdiction would render

17    the proposed amendments futile because there would be "no set of facts [that] can be proved under

18    the amendment to the pleadings that would constitute a valid and sufficient claim." *See Miller v.*

19    *Rykoff-Sexton, Inc.*, 845 F.2d at 214.

20        The proposed SAC alleges that the PlanetSoft Defendants are incorporated in Delaware

21    and have their principal place of business in Sacramento, California. SAC ¶¶ 2, 13. Plaintiff is a

22    resident of Santa Clara, California. *Id.* ¶ 1. Plaintiff's proposed causes of action are all based on

23    state law, *see id.*, and Plaintiff alleges that the Court has jurisdiction over this action based on

24    diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, SAC ¶ 8.

25        Because the U.S. Supreme Court has long interpreted the federal diversity jurisdiction

26    statute, 28 U.S.C. § 1332, to require "complete diversity," "the presence in the action of a single

27

28
Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  Under the diversity jurisdiction statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  According to the SAC, the PlanetSoft Defendants' principal place of business is in California, SAC ¶¶ 13, so the PlanetSoft Defendants are citizens of California for purposes of determining diversity jurisdiction.  Plaintiff is also a citizen of California.  *See id.* ¶ 1.  Accordingly, amending the complaint to include the PlanetSoft Defendants would destroy the Court's only basis for subject matter jurisdiction.  As such, the proposed inclusion of the PlanetSoft Defendants is futile, and the Court may deny Plaintiff leave to amend the complaint to include the PlanetSoft Defendants without analyzing the remaining *Foman* factors.  *See Miller*, 845 F.2d at 214.

### C. The Additional Causes of Action

The proposed Second Amended Complaint adds seven new causes of action: (1) the first cause of action, fraudulent transfer as to all defendants; (2) the second cause of action, unjust enrichment/quasi-contract as to all defendants; (3) the fourth cause of action, negligent misrepresentation as to all defendants; (4) the fifth cause of action, conversion as to all defendants; (5) the sixth cause of action, breach of fiduciary duty as to Bajaj and the PlanetSoft Defendants; (6) the seventh cause of action, breach of the implied covenant of good faith and fair dealing as to Bajaj and the PlanetSoft Defendants; and (7) the eighth cause of action, breach of Delaware General Corporate Law as to all defendants.  *See* SAC.  Additionally, the proposed Second Amended Complaint for the first time includes Defendant Ebix in the third cause of action for fraud.  *See* SAC ¶¶ 82-101.

Defendant Bajaj opposes the proposed amendments on the grounds that the amendments would be futile.  ECF No. 68.  Defendant Ebix opposes the proposed amendments on the grounds that the motion for leave to amend is an improper request for reconsideration of the Court's March

Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

1    18, 2015 Order, the proposed amendments are barred by laches, and the proposed amendments

2    would be futile.  ECF No. 81.  Ebix's argument that the motion is a request for reconsideration of

3    the March 18, 2015 Order essentially challenges two of the *Foman* factors: that Plaintiff unduly

4    delayed in seeking to add causes of action against Ebix and that Plaintiff failed to take advantage

5    of his prior opportunity to amend his complaint.  *See id.* at 6-7.  Similarly, Ebix's laches argument

6    appears to challenge the *Foman* factors of futility, undue delay, prior amendment, and prejudice.

7    *See id.* at 7-9.  The Court addresses each of these *Foman* factors in turn.  For each *Foman* factor,

8    the Court addresses the factor as it relates to Defendant Ebix and Defendant Bajaj separately.

9            **1.  Prejudice to the Opposing Parties**

10           The Court first considers whether granting Plaintiff leave to amend would prejudice either

11   defendant, as prejudice to the opposing parties carries the "greatest weight" in the leave to amend

12   inquiry.  *Eminence Capital*, 316 F.3d at 1052.  Prejudice has been found where the "parties have

13   engaged in voluminous and protracted discovery" prior to amendment, or where "[e]xpense, delay,

14   and wear and tear on individuals and companies" is shown.  *Kaplan v. Rose*, 49 F.3d 1363, 1370

15   (9th Cir. 1994); *see also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387-88 (9th Cir. 1990)

16   (prejudice exists where permitting plaintiff to file an amended complaint will lead to "the

17   nullification of prior discovery," increase "the burden of necessary future discovery," and the

18   "relitigation of a [previously-decided] suit").

19           Defendant Ebix argues that it would be prejudiced if the Court granted the motion for leave

20   to amend because the amendment would "force Ebix to repeatedly brief motions to dismiss—and

21   to incur unwarranted litigation costs."  ECF No. 81 at 9.  Thus far, Ebix has filed two successful

22   motions to dismiss.  *See* ECF No. 29 (dismissing the sole cause of action against Ebix in the

23   original complaint without prejudice); ECF No. 59 (dismissing the sole cause of action against

24   Ebix in the FAC with prejudice).  If the Court denies Plaintiff leave to amend the complaint to

25   assert new causes of action against Ebix, Plaintiff would no longer have any causes of action

26   against Ebix, and Ebix would no longer be a party to the case.  *See* ECF No. 63; SAC.  On the

27

28

United States District Court
Northern District of California

11

United States District Court
Northern District of California

1    other hand, if the Court grants Plaintiff leave to assert new causes of action against Ebix, Ebix

2    would have to continue litigation against Plaintiff. *See* SAC. Therefore, the proposed

3    amendments would require Ebix to incur additional litigation expenses that Ebix would not

4    otherwise face, thereby causing prejudice to Ebix. *See Jackson*, 902 F.2d at 1388 ("'Putting the

5    defendants through the time and expense of continued litigation on a new theory, with the

6    possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'") (quoting

7    *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989). Plaintiff correctly notes that this is not a

8    case where the "parties have engaged in voluminous and protracted discovery" prior to

9    amendment. *See Kaplan*, 49 F.3d at 1370; ECF No. 84 at 7. Indeed, the parties have not engaged

10    in any discovery to date. *See* ECF No. 85 at 7; ECF No. 94 at 11. Nevertheless, the fact that Ebix

11    has not yet had to invest resources in discovery for this case does not diminish the fact that Ebix

12    would be prejudiced by having to continue litigating a case in which it has already secured

13    dismissal with prejudice of all causes of action previously brought against Ebix. Therefore, the

14    Court concludes that permitting Plaintiff to assert additional causes of action against Ebix would

15    cause prejudice to Ebix.

16        By contrast, Defendant Bajaj does not argue that he would be prejudiced by the

17    amendments, *see* ECF No. 68, and the record does not indicate that permitting amendment would

18    prejudice Bajaj. Thus far, Bajaj has not been served with process in this case, has made only

19    special appearances before the Court, and has engaged in no discovery. *See* ECF No. 68; ECF No.

20    85 at 7. Unlike Plaintiff's original claim against Defendant Ebix, Plaintiff's original claim against

21    Defendant Bajaj for fraud has not been dismissed with prejudice. *See* ECF No. 59. Unlike Ebix,

22    Bajaj would not be prejudiced by his inclusion in the litigation at all. Additionally, the proposed

23    additional causes of action arise from the same set of operative facts as Plaintiff's original cause of

24    action against Bajaj. *Compare* FAC ¶¶ 7-36 *with* SAC ¶¶ 19-63; *see also* ECF No. 63 at 6 ("[T]he

25    facts giving rise to the proposed Causes of Action arise from the same transaction and occurrence

26    as the Cause of Action for Fraud"). Therefore, it is unlikely that amending the complaint will

27

28    Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

increase "the burden of necessary future discovery." *Jackson*, 902 F.2d at 1387.

For the reasons stated above, the Court finds that granting Plaintiff leave to amend by adding the additional causes of action would prejudice Defendant Ebix but would not prejudice Defendant Bajaj. Moreover, because Defendant Bajaj makes no showing of prejudice, Bajaj must make a "strong showing" of "any of the remaining *Foman* factors" to overcome the "*presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

### 2.  Undue Delay

Undue delay is the next factor a court considers in deciding whether to grant leave to amend. *Foman*, 371 U.S. at 182. Defendant Ebix argues that Plaintiff has made "no effort to explain why he waited until after his case against Ebix was dismissed with prejudice to assert the proposed claims." ECF No. 81 at 8. Additionally, Ebix argues that Plaintiff's proposed amendments are not based on any "newly discovered evidence," but instead are "premised on the same set of facts alleged in Plaintiff's first two complaints." *See* ECF No. 81 at 6, 8 (emphasis in original).

Courts previously have found that a party unduly delayed when the party sought to amend a pleading with previously-known facts, particularly when the delay is accompanied by the requisite showing of other *Foman* factors such as prejudice. *See, e.g.*, *Texaco Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991) (affirming denial of motion for leave to amend because of undue delay where, *inter alia*, moving party sought amendment "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint," and "after discovery was over, just four and a half months before the trial date"); *Jordan v. Los Angeles Cnty.*, 669 F.2d 1311, 1324 (9th Cir. 1982) (affirming denial of motion for leave to amend because of undue delay where the proposed amendment would have prejudiced the defendant by requiring "extensive, costly discovery in order to respond to the amended complaint"), *vacated on other grounds*, 459 U.S. 810 (1982); *Kaplan*, 49 F.3d at 1370 (affirming denial of leave to amend

13

United States District Court
Northern District of California

because of undue delay where the moving party sought amendment after discovery was completed and trial was only two months away, thereby substantially prejudicing the defendant). Furthermore, the Ninth Circuit has held that a district court may deny a motion to amend a complaint "when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'" *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

Here, all of the causes of action in Plaintiff's proposed Second Amended Complaint are based on the same facts as Plaintiff's original cause of action for fraud. *See* ECF Nos. 1, 63; SAC. Plaintiff therefore knew of the facts underlying the causes of action from the inception of the litigation in May of 2014—over ten months before Plaintiff filed the instant motion for leave to amend—but Plaintiff offers no explanation other than "inadvertence or mistake" for why these causes of action were not brought against Ebix earlier. *See* ECF No. 63 at 5. The Ninth Circuit has previously held that an unexplained delay of just eight months from the time the facts underlying a cause of action were known until the time of filing for leave to amend constituted an undue delay. *See Jackson*, 902 F.2d at 1388. Moreover, Plaintiff did not even assert his original cause of action for fraud against Ebix until after Ebix successfully obtained dismissal with prejudice of the only cause of action previously brought against Ebix. Particularly in light of the Court's finding that Ebix would be prejudiced by the proposed amendments, the Court finds that Plaintiff unduly delayed in bringing these causes of action against Defendant Ebix.

Defendant Bajaj has not argued that Plaintiff unduly delayed in asserting additional causes of action against him. Given that Bajaj still has not been served with process in this case, the Court finds that Plaintiff did not unduly delay in seeking to amend the complaint against Bajaj.

### 3. Prior Opportunity for Amendment

In deciding whether to grant a party leave to amend, the district court also considers whether there has been a "repeated failure to cure deficiencies by amendments previously allowed" on the part of the moving party. *Foman*, 371 U.S. at 182. Defendant Ebix argues that

14

Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

1 the present motion "is essentially a motion for reconsideration of this Court's March 18 Order"

2 granting Ebix's motion to dismiss the breach of contract claim with prejudice. *See* ECF No. 81 at

3 6. Although Plaintiff did delay in alleging the proposed causes of action against Ebix until after

4 all causes of action previously alleged against Ebix were dismissed with prejudice, the proposed

5 additional causes of action were not directly addressed by Ebix's previous motions to dismiss.

6 Thus, the present motion does not require the Court to reconsider its dismissal of the cause of

7 action for breach of contract. Nevertheless, "the district court's discretion to deny leave to amend

8 is particularly broad where plaintiff has previously amended the complaint." *City of L.A. v. San*

9 *Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011). Because Plaintiff has already had an

10 opportunity to amend his complaint in response to a motion to dismiss filed by Defendant Ebix,

11 this factor also weighs in favor of denying Plaintiff leave to amend with respect to Ebix.

12 Because Ebix would be prejudiced by the proposed amendments, Plaintiff unduly delayed

13 in bringing the new causes of action against Ebix, and Plaintiff has already had an opportunity to

14 amend his complaint in response to a motion to dismiss filed by Ebix, the Court will not permit

15 Plaintiff to assert the proposed causes of action in the SAC against Ebix.

16 As for Defendant Bajaj, the proposed SAC is Plaintiff's first attempt to amend the

17 complaint with respect to the causes of action brought against Bajaj. *See* ECF Nos. 53, 59.

18 Plaintiff's prior opportunity to amend his complaint in response to a motion to dismiss brought by

19 Ebix does not overcome the presumption in favor of permitting amendment with respect to Bajaj.

20 *See Eminence Capital*, 316 F.3d at 1052.

21 **4. Futility**

22 Finally, a district court may deny a motion for leave to amend where amendment would be

23 futile. *Foman*, 371 U.S. at 182. "[A] proposed amendment is futile only if no set of facts can be

24 proved under the amendment to the pleadings that would constitute a valid and sufficient claim or

25 defense." *Miller*, 845 F.2d at 214. The Ninth Circuit has alternatively stated that the test of

26 whether amendment would be futile is "identical to the one used when considering the sufficiency

27

28 Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

15

United States District Court
Northern District of California

1    of a pleading challenged under Rule 12(b)(6)." *Id.* (citing 3 J. Moore, *Moore's Federal Practice*

2    ¶ 15.08[4] (2d ed. 1974)).  Defendant Ebix and Defendant Bajaj both argue that Plaintiff's

3    proposed amendments are futile.  *See* ECF Nos. 68, 81.  Because Ebix has shown undue delay and

4    prejudice, and because Plaintiff has already had an opportunity to amend the complaint with

5    respect to Ebix, the Court need not address Ebix's arguments that the proposed amendments

6    would be futile as to Ebix.  Therefore, the Court will address futility of the proposed amendments

7    only as they relate to Bajaj.

8         Defendant Bajaj first argues that the proposed amendments would be futile because

9    Plaintiff has yet to serve Bajaj.  ECF No. 68.  According to Bajaj, "Plaintiff's purported plans for

10   effective service on Mr. Bajaj in India are futile" and "Plaintiff has no proposed plan for serving

11   Mr. Bajaj in the United States."  *Id.* at 3.  Since Bajaj filed his opposition, Plaintiff has engaged in

12   several further efforts to effect service of process on Bajaj.  *See* ECF No. 90, Ex. 2 (describing

13   Plaintiff's efforts to serve Bajaj in California, Florida, Georgia, and India).  Moreover, Plaintiff

14   currently has pending before this Court an ex parte motion to serve Bajaj by publication and a

15   motion to find that Bajaj has waived service.  ECF Nos. 90, 93.  In light of Plaintiff's ongoing

16   efforts to serve Bajaj in the United States and India, Bajaj's argument that service would be futile

17   is insufficient to overcome the presumption that leave to amend should be granted.  *See Eminence*

18   *Capital*, 316 F.3d at 1052.[3]

19        Based on the Court's March 18, 2015 dismissal with prejudice of Plaintiff's breach of

20   contract claim against Ebix as time barred, Defendant Bajaj additionally argues that Plaintiff's

21   proposed additional causes of action are futile because they too are time barred.  ECF No. 68.

22   However, the March 18, 2015 Order addressed the statute of limitations and equitable estoppel

23   only for Plaintiff's original cause of action for breach of contract stemming from the dispute over

---

[3] The Court notes that despite Bajaj's assertions that he is not a party to this case, he is clearly aware of Plaintiff's lawsuit and is an active participant in the litigation, having filed a motion to dismiss the FAC, ECF No. 53, an opposition to the present motion, ECF No. 68, and an opposition to Plaintiff's motion to serve Bajaj by publication, ECF No. 91.

Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

the MOU.  ECF No. 59.  Plaintiff's proposed SAC omits the cause of action for breach of contract.  *See* SAC.  Instead, all of the proposed causes of action in the SAC relate to Defendants' conduct in the June 2012 transaction between Ebix and PlanetSoft.  *See id.*  This is the same transaction that formed the basis of Plaintiff's original claim for fraud.  *See* ECF No. 1; FAC.  "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. Proc. 15(c)(1).  As alleged, the proposed causes of action all accrued in June 2012.  *See* SAC.  Because all of the proposed causes of action are alleged to arise out of the same transaction or occurrence as Plaintiff's original claim for fraud, the causes of action relate back to the time of Plaintiff's original complaint.  *See* Fed. R. Civ. Proc. 15(c)(1).  Plaintiff filed his original complaint in May 2014, less than two years after the Ebix-PlanetSoft transaction.  ECF No. 1.  The applicable statutes of limitations are three years for the claims arising out of fraud, mistake, and conversion, s*ee* Cal. Civ. Proc. Code § 338; four years for a claim of fraudulent transfer, *see* Cal. Civ. Code § 3439.09(a); two years for a claim of unjust enrichment/quasi-contract, *see* Cal. Civ. Proc. Code § 339; and either three or four years for breach of fiduciary duty, "depending on whether the breach is fraudulent or non-fraudulent," *see Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1479 (Cal. Ct. App. 2014).  The original complaint was filed within the statute of limitations for all of these claims.  *See* ECF No. 1.  Therefore, as alleged, the additional causes of action are timely.

Moreover, with regard to Defendant Bajaj, who has not shown prejudice, there is a presumption that leave to amend should be granted.  *Eminence Capital*, 316 F.3d at 1052.  Bajaj's claim that the amendments are futile because they are untimely does not overcome that presumption, and any challenge Bajaj has to the timeliness of the proposed additional causes of action is better handled on a motion to dismiss.  *See Netbula*, 212 F.R.D. at 539.

Bajaj additionally argues that Plaintiff's proposed causes of action require him to have had an ownership interest in PlanetSoft in 2012, and that Plaintiff's proposed Second Amended

17

Complaint does not sufficiently allege such an ownership interest.  *See* ECF No. 68 at 8-9.  In the March 18, 2015 Order, the Court briefly addressed the issue of Plaintiff's ownership of vested PlanetSoft stock as it pertained to whether Plaintiff had alleged equitable estoppel.  ECF No. 59 at 10.  Because the March 18, 2015 Order was directed at ascertaining whether Defendants were equitably estopped from asserting a statute of limitations defense, the order was concerned primarily with whether Ebix or Bajaj had induced Plaintiff to believe that he continued to be a 5% owner in PlanetSoft.  *See id.*  Specifically, the Court stated:

> Furthermore, while Plaintiff argues in his opposition that he did not bring suit because Plaintiff believed that he continued to own a 5 percent stake in PlanetSoft, Plaintiff does not plead facts showing that his subjective belief was actually and reasonably induced by Bajaj or Ebix.  That Plaintiff independently concluded that he would continue to own equity in PlanetSoft despite Plaintiff's knowledge in 2004 that PlanetSoft had breached the MOU only undermines Plaintiff's equitable estoppel claim, as Plaintiff has failed to sufficiently allege that it is *Defendants' conduct* that induced this erroneous belief.

*Id.* at 10.  Whether Defendants' conduct indicated that Plaintiff had an ownership interest in PlanetSoft is distinct from the question of whether Plaintiff did in fact have such an ownership interest.  Plaintiff's proposed SAC alleges that Plaintiff did own a 5% interest in PlanetSoft at the time of the Ebix-PlanetSoft transaction, SAC ¶¶ 33, 39, and Plaintiff may be able to prove that, despite PlanetSoft and Bajaj's alleged breach of the terms of the MOU, Plaintiff continued to own a 5% stake in the company in 2012.  Bajaj has not shown that there is "no set of facts [that] can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim," *Miller*, 845 F.2d at 214, so he has not overcome the presumption in favor of granting leave to amend, *see Eminence Capital*, 316 F.3d at 1052.

Finally, the eighth cause of action in the proposed Second Amended Complaint is against all defendants for failure to allow Plaintiff to inspect the books and records of PlanetSoft and Ebix, in violation of Delaware General Corporate Law § 220(c).  SAC ¶¶ 131-137.  Delaware Code § 220(c) gives stockholders the right to inspect a corporation's books and records, but it gives the Delaware Court of Chancery "exclusive jurisdiction to determine whether or not the person

Case No.14-CV-02250-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

1  seeking inspection is entitled to the inspection sought." Del. Code § 220(c).  Thus, the Court lacks

2  jurisdiction to adjudicate a cause of action arising under section 220(c), making the inclusion of

3  this cause of action futile.  *See Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F.

4  Supp. 2d 376, 405 (S.D.N.Y. 2013) (dismissing plaintiff's claim under Del. Code § 220(c) for lack

5  of subject matter jurisdiction because the Delaware Court of Chancery has exclusive jurisdiction

6  over claims under section 220(c)).  Because the Court lacks jurisdiction to adjudicate the eighth

7  cause of action, the Court concludes that this cause of action is futile.

8      Therefore, the Court grants Plaintiff leave to amend the complaint to include the proposed

9  first through seventh causes of action against only Defendant Bajaj.

10  **IV.  CONCLUSION**

11      For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to file a Second

12  Amended Complaint as to the first through seventh causes of action against Defendant Bajaj, and

13  DENIES Plaintiff's motion to file the proposed Second Amended Complaint as to the remaining

14  defendants and as to the eighth cause of action.

15  **IT IS SO ORDERED.**

16

17  Dated: August 25, 2015

18  _____

19  LUCY H. KOH
    United States District Judge

20

21

22

23

24

25

26

27

28

19

United States District Court
Northern District of California