UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHETAN UTTARKAR,<br><br>    Plaintiff,<br><br>        v.<br><br>EBIX, INC., et al.,<br><br>    Defendants. | Case No. 14-CV-02250-LHK<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 99 |

On August 25, 2015, the Court granted in part and denied in part Plaintiff Chetan Uttarkar's motion for leave to file a second amended complaint. ECF No. 95 (the August 25 Order). The Court granted Plaintiff leave to file seven claims against Defendant Sudhir Bajaj, but the Court denied Plaintiff leave to file any claims against Defendants Planetsoft, Inc. and Ebix, Inc. *Id.* On September 17, 2015, Plaintiff filed a motion for leave to file a motion for reconsideration of the Court's August 25 Order ("Motion for Leave"). ECF No. 99. Having considered Plaintiff's motion, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motion.

**I. DISCUSSION**

Plaintiff moves for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and

60(b). Under Rule 59(e), a party may move to alter or amend a judgment within 28 days after the entry of judgment. A Rule 59 motion "should not be granted . . . absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Additionally, pursuant to Civil Local Rule 7–9(a), "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order. . . . No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil Local Rule 7–9(b) provides three grounds for reconsideration of an interlocutory order:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

2
Case No. 14-CV-02250-LHK
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Rule 7–9(c) further requires that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."

Plaintiff contends that reconsideration is warranted in this case for the following three reasons: (1) the Court improperly weighed the factors of *Foman v. Davis*, 371 U.S. 178, 182 (1962); (2) the Court failed to consider the issue of successor liability; and (3) Ebix, Inc. is a necessary party to this action. ECF No. 99.

### A. The *Foman* Factors

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Of these considerations, known as the *Foman* factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

In its August 25 Order, the Court determined that the *Foman* factors for undue prejudice, undue delay, and prior opportunities for amendment all weighed against granting Plaintiff leave to amend to assert new claims against Ebix. ECF No. 95. The Court concluded that permitting Plaintiff to amend his complaint to add new claims against Ebix would prejudice Ebix because it would require Ebix to continue litigating a case in which Ebix has already secured dismissal *with prejudice* of all causes of action previously brought against Ebix in the original complaint and the

first amended complaint. *Id.* The Court additionally found that Plaintiff unduly delayed in bringing the new claims against Ebix because the new claims are based on the same facts underlying Plaintiff's original complaint and because Plaintiff offered no explanation for his delay of over ten months in adding the new claims against Ebix. *Id.* Finally, the Court noted that Plaintiff had already had an opportunity to amend his complaint in response to a motion to dismiss by Ebix, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of L.A. v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011). The Court concluded that because Ebix would be prejudiced by the proposed amendments, Plaintiff unduly delayed in bringing the new claims against Ebix, and Plaintiff had already had an opportunity to amend his complaint in response to a motion to dismiss filed by Ebix, the *Foman* factors weighed against granting leave to amend. ECF No. 95. Therefore, the Court denied Plaintiff leave to assert the new claims against Ebix. *Id.*

In the Motion for Leave, Plaintiff argues that the Court erred in its weighing of the *Foman* factors. Plaintiff raises three challenges to the Court's *Foman* analysis. First, Plaintiff argues that he did not unduly delay in bringing the new claims because Plaintiff had not discovered all of the facts upon which the new claims are predicated at the time Plaintiff filed his first amended complaint. ECF No. 99 at 7-8. Second, Plaintiff argues that it would be inappropriate for the Court to find undue prejudice sufficient to deny leave to amend when Plaintiff has only had one prior opportunity for amendment and the case is still in the pleading stage. *Id.* at 7-10. Third, Plaintiff argues that the prejudice to Ebix of permitting amendment is outweighed by the prejudice to Plaintiff of denying leave to amend. *Id.* at 10-11.

All three of Plaintiff's arguments argue that the Court failed to consider material facts or dispositive legal arguments which were presented to the Court in Plaintiff's motion for leave to file a second amended complaint. The Court therefore analyzes whether reconsideration is appropriate based on each of Plaintiff's arguments under Civil Local Rule 7–9(b)(3) for "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

### 1. Whether Newly Discovered Evidence Excuses Plaintiff's Undue Delay

The Court begins with Plaintiff's argument that he did not unduly delay in bringing the new claims because Plaintiff did not discover the facts upon which the new claims are predicated until after Plaintiff filed the first amended complaint. Plaintiff specifically alleges that he did not discover Ebix's quarterly filings with the Securities and Exchange Commission ("SEC") until after filing the first amended complaint on October 23, 2014. ECF No. 95 at 7-8.

Plaintiff's argument that he did not discover the 2013 Quarterly Report until after filing Plaintiff's First Amended Complaint does not change the Court's conclusion that Plaintiff unduly delayed in bringing the proposed new claims against Ebix. The only reference to these SEC filings in the proposed second amended complaint is:

> One of the evidences of successor liability here is Defendant EBIX's own admission in its 2013 Quarter 1 Quarterly Report to the SEC. A true and correct copy of Defendant EBIX's United States Securities and Exchange Commission Q1 Quarterly Report is attached hereto as EXHIBIT 5 and incorporated by reference as though it is fully set forth herein.

ECF No. 63, Ex. 1 ¶ 43 (emphasis omitted). The Quarterly Report in question is Ebix's 2013 Quarter 1 Form 10-Q, which Ebix filed publicly on May 10, 2013. *See* ECF No. 98, Ex. 5 (copy of Ebix's Form 10-Q attached to Plaintiff's second amended complaint). Plaintiff fails to explain why he did not discover this public filing until after October 23, 2014, more than 17 months after it was publicly filed with the SEC. Moreover, Plaintiff fails to show that he exercised reasonable diligence, but still failed to find Ebix's publicly filed document for 17 months.

Plaintiff cites the above information from Ebix's SEC filings solely as evidence of Ebix's successor liability for PlanetSoft, Inc.'s "debts and liabilities." *See* ECF No. 63, Ex. 1 ¶¶ 42-43, 59. However, both Plaintiff's original complaint, filed in May 2014, and his first amended complaint, filed in October 2014, alleged that Ebix was liable for PlanetSoft's obligations under a theory of successor liability. ECF No. 1 ¶ 50 (Plaintiff's original complaint, stating "[b]y acquiring PlanetSoft, Inc., EBIX became the successor in interest to the obligations of PlanetSoft, Inc."); ECF No. 33 ¶ 53 (Plaintiff's first amended complaint, stating "EBIX became liable for this when it acquired PlanetSoft, Inc., and became the successor in interest to the obligations of

5
Case No. 14-CV-02250-LHK
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION

PlanetSoft, Inc."). Plaintiff additionally alleged in both his original complaint and his first amended complaint that Ebix had acquired all of PlanetSoft's assets. ECF No. 1 ¶¶ 25-26 (original complaint, stating "PlanetSoft was purchased by Defendant EBIX . . . EBIX reportedly acquired all of the outstanding capital stock of PlanetSoft."); ECF No. 33 ¶ 31 (first amended complaint, stating "EBIX reportedly acquired all of the outstanding capital stock and assets of PlanetSoft."). Therefore, in both the original complaint and the first amended complaint, Plaintiff already alleged that Ebix had acquired all of PlanetSoft's assets and should accordingly be liable as PlanetSoft's successor. Thus, Plaintiff could have brought his new claims against Ebix on a theory of successor liability in the original complaint or the first amended complaint.

Ebix's 2013 SEC filing is not new because it was publicly available a year before Plaintiff filed his original complaint. Additionally, Plaintiff knew the factual predicate of his proposed new claims against Ebix at the time Plaintiff filed the original complaint and the first amended complaint. Therefore, the Court finds that Plaintiff unduly delayed by not raising his proposed new claims against Ebix sooner, and reconsideration is not appropriate under Civil Local Rule 7–9(b)(3).

**2. Denying Leave to Amend at the Pleading Stage**

Plaintiff next argues that it would be inappropriate to deny Plaintiff leave to amend a first amended complaint at the pleading stage of the litigation prior to the parties conducting extensive discovery. ECF No. 99 at 7. Plaintiff asserts that "there is no precedent for denial of leave to amend first amended complaint at pleading stage," and that "there is no authority with analogous facts that dismisses leave to amend a first amended complaint at the pleading stages before the case is at issue." *Id.* (emphasis and capitalization omitted).

Plaintiff is incorrect that there is no precedent for denial of leave to amend a first amended complaint at the pleading stage of the litigation. Federal Rule of Civil Procedure 15 permits a plaintiff to file an amended complaint as a matter of right only once during the litigation. Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course . . . ."). Further amendments require the opposing party's written consent or the Court's leave, regardless of the

6
Case No. 14-CV-02250-LHK
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION

1   stage of the litigation. Fed. R. Civ. P. 15(a)(2). District courts routinely deny leave to amend to

2   file a second amended complaint at the pleading stage. *See, e.g.*, *Mulato v. Wells Fargo Bank,*

3   *N.A.*, 76 F. Supp. 3d 929, 942-43 (N.D. Cal. 2014) (denying the plaintiff's motion for leave to file

4   a second amended complaint while the case was still at the pleading stage).

5         The fact that Ebix has not undertaken extensive discovery in this case does not alter the

6   Court's conclusion that Ebix would be unduly prejudiced by the proposed amendments. Ebix has

7   already filed two successful motions to dismiss in this case. *See* ECF No. 29 (order dismissing the

8   sole cause of action against Ebix in the original complaint without prejudice); ECF No. 59 (order

9   dismissing the sole cause of action against Ebix in the first amended complaint with prejudice).

10  As a result of these motions to dismiss, Ebix secured dismissal *with prejudice* of all causes of

11  action brought against Ebix in the original complaint and the first amended complaint. *See* ECF

12  No. 59 (order dismissing the sole cause of action against Ebix in the first amended complaint with

13  prejudice). Ebix would be unduly prejudiced by having to continually brief motions to dismiss in

14  this case after securing dismissal with prejudice. Therefore, Plaintiff has not shown that the Court

15  disregarded a dispositive legal argument, so Civil Local Rule 7–9(b)(3) does not permit

16  reconsideration based on this argument.

17        **3. Prejudice to Plaintiff**

18        Plaintiff argues that the Court should reconsider its denial of leave to amend to add new

19  claims against Ebix because the prejudice to Plaintiff of denying leave to amend is too great. ECF

20  No. 99 at 10-11. Plaintiff cites *Foman*'s statements that "[i]t is too late in the day and entirely

21  contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be

22  avoided on the basis of such mere technicalities;" that "[t]he Federal Rules reject the approach that

23  pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and

24  accept the principle that the purpose of pleading is to facilitate a proper decision on the merits;"

25  and that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper

26  subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S.

27  at 181-82. Based on these statements in *Foman*, Plaintiff argues that he ought to be allowed to

28

United States District Court
Northern District of California

bring his new claims against Ebix because the proposed amendment would bring "a viable claim or claims against EBIX." ECF No. 99 at 11. According to Plaintiff, permitting Plaintiff to bring viable claims against Ebix outweighs any prejudice to Ebix "from defending itself in a proper suit." *Id.*

Plaintiff's selective quotations from *Foman* misstate *Foman*'s holding. First, neither *Foman*'s statement that "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities," nor the statement that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits," were made in the context of whether to permit a plaintiff to file an amended complaint. 371 U.S. at 181-82. Instead, both statements were made in the context of reversing the Court of Appeals' ruling that it was precluded from reviewing the district court's judgment dismissing the complaint because the appellant had failed to indicate on the notice of appeal that the appellant was appealing the judgment. *Id.* at 181.

Second, *Foman*'s statement that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits" does not mean that the Court must give Plaintiff endless opportunities to amend the complaint to add all new viable claims, as Plaintiff appears to argue. *See* ECF No. 99 at 11. *Foman* immediately qualifies its statement that a plaintiff "ought to be afforded an opportunity to test his claim on the merits." 371 U.S. at 182. The next sentence in *Foman* states that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* Notably, prejudice to the plaintiff is not one of the factors a district court should consider to determine whether there is a reason to deny leave to amend under *Foman*.

*Foman* further reiterates that "[o]f course, the grant or denial of an opportunity to amend is within the discretion of the District Court." *Id.*

In this case, the Court considered the factors in *Foman* and concluded that the factors of undue prejudice, undue delay, and previous opportunities for amendment all counseled against permitting Plaintiff to add new claims against Ebix. The Court did not fail "to consider material facts or dispositive legal arguments" but instead appropriately exercised its discretion, consistent with *Foman*, to deny Plaintiff leave to amend. *See* Civil Local Rule 7–9(b)(3).

The Court concludes that Plaintiff unduly delayed in bringing the new claims against Ebix, that Ebix would be unduly prejudiced by the addition of the new claims, and that Plaintiff had previous opportunities to amend the complaint to add the new claims but chose not to do so. None of the arguments raised by Plaintiff in the Motion for Leave alter the Court's conclusion that the *Foman* factors weigh in favor of denying Plaintiff leave to amend. Therefore, reconsideration is not warranted under Civil Local Rule 7–9(b)(3).

### B. Successor Liability

Plaintiff argues that the Court should grant Plaintiff leave to amend to assert new claims against Ebix because Ebix is liable for PlanetSoft's liabilities under a theory of successor liability. ECF No. 99 at 11-12. Plaintiff argues that the Court erred by not considering Ebix's liability under successor liability because Plaintiff's new claims would not be futile under successor liability. *Id.* The Court therefore analyzes whether reconsideration is appropriate under Civil Local Rule 7–9(b)(3) for "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

First, Plaintiff raised successor liability in his original complaint and in his first amended complaint. ECF No. 1 ¶ 50 (Plaintiff's original complaint, stating "[b]y acquiring PlanetSoft, Inc., EBIX became the successor in interest to the obligations of PlanetSoft, Inc."); ECF No. 33 ¶ 53 (Plaintiff's first amended complaint, stating "EBIX became liable for this when it acquired PlanetSoft, Inc., and became the successor in interest to the obligations of PlanetSoft, Inc."). The Court dismissed all of Plaintiff's claims against Ebix in the original complaint and the first

amended complaint, notwithstanding Plaintiff's allegations of Ebix's successor liability. *See* ECF No. 29 (order dismissing the cause of action against Ebix in the original complaint without prejudice); ECF No. 59 (order dismissing the cause of action against Ebix in the first amended complaint with prejudice).

Furthermore, whether Ebix is liable for PlanetSoft's liabilities in Plaintiff's new claims under a theory of successor liability goes towards only one *Foman* factor: futility of amendment. However, the Court did not reach the issue of futility because the Court concluded that the factors of prejudice to the opposing party, undue delay, and prior opportunities for amendment all weighed against granting leave to amendment. Because the Court finds prejudice, undue delay, and prior opportunities for amendment, the Court is not required to consider the *Foman* factor of futility of amendment prior to denying leave to amend. *See Foman*, 371 U.S. at 182; *Eminence Capital*, 316 F.3d at 1052 (prejudice to the opposing party carries the greatest weight in the leave to amend inquiry); *Texaco Inc. v. Ponsoldt*, 939 F.2d 794, 798 ("Undue delay is a valid reason for denying leave to amend"); *City of L.A. v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). Thus, the Court did not err by declining to consider the issue of successor liability, and reconsideration is not warranted under Civil Local Rule 7–9(b)(3).

**C. Necessary Party**

Plaintiff's final argument is that Plaintiff should be allowed to bring the new claims against Ebix because Ebix is a necessary party under Federal Rule of Civil Procedure 19. ECF No. 12-13. Plaintiff does not explain why Ebix is a necessary party but instead merely asserts that Ebix "should be viewed as a necessary party." *Id.* at 12. Plaintiff has not met the standard under Civil Local Rule 7–9(b) for leave to file a motion for reconsideration based on the argument that Ebix is a necessary party. Plaintiff has not shown that "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court" before entry of the August 25 Order. *See* Civil Local Rule 7–9(b)(1). Moreover, Plaintiff has not shown diligence in

10
Case No. 14-CV-02250-LHK
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION

discovering any such fact or law. *Id.* Furthermore, Plaintiff has not shown "[t]he emergence of new material facts or a change of law" occurring after the Court's August 25 Order. *See* Civil Local Rule 7–9(b)(2). Finally, Plaintiff previously did not argue that Ebix is a necessary party, so Plaintiff has not shown "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" before the Court's August 25 Order. *See* Civil Local Rule 7–9(b)(3). Thus, the Court denies Plaintiff leave to file a motion for reconsideration.

**II. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: November 11, 2015

_Lucy H. Koh_
LUCY H. KOH
United States District Judge