1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

CHETAN UTTARKAR,

Case No.14-CV-02250-LHK

Plaintiff,

13

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS WITH
PREJUDICE**

v.

14

15

SUDHIR BAJAJ, et al.,

Re: Dkt. No. 101

16

Defendants.

17

18          Plaintiff Chetan Uttarkar[1] ("Plaintiff") brings this action against Defendant Sudhir Bajaj

19   ("Defendant") and Does 1 through 10.  Before the Court is Defendant's motion to dismiss

20   Plaintiff's Second Amended Complaint ("SAC"), ECF No. 98, for failure to state a claim, failure

21   to properly serve Defendant, lack of personal jurisdiction, and lack of subject matter jurisdiction.

22   ECF No. 101.  The Court finds this motion suitable for decision without oral argument under Civil

23   Local Rule 7-1(b) and hereby VACATES the motion hearing and the case management

24   conference set for February 11, 2016, at 1:30 p.m.  Having considered the parties' submissions,

25

26   _____

27   [1] Plaintiff's First Amended Complaint stated that his last name was "Utterkar."  ECF No. 33.
     Plaintiff corrected the spelling of his last name to "Uttarkar" in his Second Amended Complaint.
     ECF No. 98.

28
                                                        1

United States District Court
Northern District of California

the record in this case, and the relevant law, the Court hereby GRANTS Defendant's motion to dismiss Plaintiff's SAC with prejudice under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## I.     BACKGROUND

### A.  Factual Background

On or around April 3, 1999, Plaintiff and Bajaj, then President of PlanetSoft, Inc. ("PlanetSoft"), signed a Memorandum of Understanding ("MOU") summarizing the terms and conditions of Plaintiff's partnership with PlanetSoft.  SAC ¶¶ 20-21.  The MOU required that Plaintiff would work half-time for PlanetSoft for three months and then either Plaintiff or his spouse, Marceline Uttarkar, would work full-time thereafter on "mutual consent of both parties." SAC, Exh. 2.  The agreement would also "be finalized upon at [sic] the end of the 3 months."  *Id.* The MOU detailed that Plaintiff would be working half-time "to develop new business in PlanetSoft's area of specialty in the New York and New Jersey areas" at a salary of $40,000.00/yr. prorated monthly.  *Id.*  That salary would increase to $80,000.00/yr. for full-time work upon "mutual agreement" and "satisfactory full time focus."  *Id.*  In addition, the MOU required that Plaintiff would "invest $25,000.00 towards the equity of PlanetSoft."  *Id.*; SAC ¶ 23.  The MOU provided that Plaintiff would receive 5 percent of the equity in PlanetSoft in exchange for one person's full-time work and the $25,000.00 investment.  *Id.* ¶ 25 & Exh. 2.  Plaintiff was further given the option to invest $50,000.00 more for an additional 2.5 percent interest in PlanetSoft, but Plaintiff did not do so.  *Id.* ¶ 24.  Finally, the MOU noted that all equity would be vested as long as Plaintiff was "operationally participating in the growth and development of PlanetSoft business on a full time basis."  *Id.* Exh. 1.  According to the MOU, if participation by Plaintiff was no longer full time, "equity will be bought back prorated on the basis of valuing the company at twice the current revenue."  *Id.* ¶ 27 & Exh. 2.

The MOU was written on PlanetSoft letterhead.  *Id.* ¶ 21 & Exh. 2.  The MOU was signed by Bajaj and by Plaintiff.  *Id.* Exh. 2.  The signed MOU was faxed to Plaintiff from PlanetSoft's office and lists Bajaj's PlanetSoft email address.  *Id.*  Plaintiff paid the $25,000.00 initial

United States District Court
Northern District of California

1  investment to PlanetSoft. *Id.* ¶ 28. Plaintiff's spouse, Marceline Uttarkar, worked full time at

2  PlanetSoft from June 1999 until about February 2004. *Id.* ¶ 32. Plaintiff worked full time at

3  PlanetSoft from September 2000 until about July 2001, at which point he ceased working at

4  PlanetSoft due to 66 percent wage cuts. *Id.* ¶¶ 30-31.

5       Plaintiff alleges that he "requested and offered Defendants numerous opportunities from

6  2003 through 2013 to buy back Plaintiff's vested 5% equity" in PlanetSoft, and that "[s]ettlement

7  discussions" took place during that period. *Id.* ¶ 46. In 2008, Bajaj and the former attorney for

8  PlanetSoft, Shivbir Grewal, "discussed formal settlement/mutual release" with Plaintiff that

9  "proposed to buy back Plaintiff's 5% vested equity as well as reimburse Plaintiff for expenses and

10  unpaid wages incurred during, relating to, and resulting from Plaintiff's employment" with

11  PlanetSoft. *Id.* ¶ 48. While the agreement was drafted, it was never executed because Bajaj

12  "ceased all communications" with Plaintiff. *Id.* Plaintiff alleges that he "pursued and followed-

13  up" with Bajaj from 2009-2011 to no avail. *Id.* ¶ 49.

14       Plaintiff alleges that around June of 2012, Ebix, Inc. ("Ebix") purchased all of PlanetSoft's

15  stock for approximately $40 million dollars. *Id.* ¶ 56 & Exh. 7. Plaintiff alleges that Ebix

16  "reportedly acquired all of the outstanding capital stock of [PlanetSoft] for $35,000,000.00 in cash

17  at closing, and $5,000,000.00 payable in the form of 297,265 shares of the common stock of

18  [Ebix] issued at closing." *Id.* ¶ 57. The deal also "reportedly involve[d] earn-out cash payments

19  to [PlanetSoft] shareholders, based on specific revenue numbers achieved" within two years. *Id.*

20  Following the sale, Bajaj allegedly resumed communicating with Plaintiff by telephone and email

21  "to discuss settlement and release of Plaintiff's 5% vested equity" in PlanetSoft, but Bajaj did not

22  inform Plaintiff of the sale to Ebix. *Id.* ¶¶ 50-54. After Plaintiff learned of the sale, Plaintiff

23  contacted Ebix and Bajaj multiple times through counsel requesting compensation for Plaintiff's 5

24  percent interest in PlanetSoft. *Id.* ¶¶ 61–62 & Exh. 3. Plaintiff has not received any compensation

25  for his 5 percent interest in PlanetSoft. *Id.* ¶ 60.

26       Plaintiff resides in Santa Clara County, California. *Id.* ¶ 1. Bajaj allegedly has residences

27  in India, Florida, Georgia, and California. *Id.* ¶ 2, 14. Bajaj is the President of PlanetSoft, Inc., a

28

Case No. 14-CV-02250-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

United States District Court
Northern District of California

1    former Delaware corporation whose primary place of business is Sacramento, California. *Id.* ¶ 2.

2    **B. Procedural History**

3      Plaintiff filed his original complaint against Ebix, Bajaj, and Does 1-10 on May 15, 2014.

4    ECF No. 1.  Ebix filed motions to dismiss and to transfer on July 21, 2014.  ECF Nos. 15, 16.

5    Plaintiff filed timely oppositions, ECF Nos. 18, 19, and Ebix filed timely replies, ECF Nos. 20, 21.

6    On October 6, 2014, the Court granted Ebix's motion to dismiss Plaintiff's breach of contract

7    claim without prejudice.  ("October 6, 2014 Order"), ECF No. 29.  In the October 6, 2014 Order,

8    the Court also denied Ebix's motion to dismiss or transfer venue. *Id.*

9      Plaintiff filed his First Amended Complaint on October 23, 2014.  FAC, ECF No. 33.  Ebix

10    filed a motion to dismiss on November 18, 2014.  ECF No. 44.  Plaintiff filed a timely opposition,

11    ECF No. 49, and Ebix filed a timely reply, ECF No. 50.  On March 18, 2015, the Court granted

12    Ebix's motion to dismiss Plaintiff's breach of contract claim with prejudice.  ("March 18, 2015

13    Order"), ECF No. 59.

14      While Plaintiff served Ebix on May 30, 2014, Plaintiff was unable to effectuate service on

15    Bajaj as Plaintiff could not locate Bajaj. *See* ECF No. 52.  On December 15, 2014, Plaintiff filed a

16    "Status Report re: Service upon Defendant Sudhir Bajaj." *Id.*  Plaintiff represented that on

17    December 6, 2015, a Mr. Navipeta Mahest personally served a security guard at the gated entrance

18    to Bajaj's residence in Secunderabad, India. *Id.*  Plaintiff also mailed the documents to the

19    residence and emailed the documents to Bajaj's two last known email addresses on December 15,

20    2014. *Id.*

21      On December 29, 2014, Bajaj made a special appearance and filed a motion to dismiss for

22    defective service, lack of personal jurisdiction, and failure to state a claim.  ECF No. 53.  Plaintiff

23    filed his opposition on January 12, 2015, ECF No. 54, and Bajaj filed a timely reply, ECF No. 55.

24    On March 18, 2015, the Court granted Bajaj's motion to dismiss for defective service without

25    prejudice.  ECF No. 59.  The court further noted that Plaintiff had not sufficiently alleged facts

26    showing that the Court's exercise of personal jurisdiction over Bajaj would be appropriate. *Id.*

27      Plaintiff filed a motion for leave to file a Second Amended Complaint on April 1, 2015.

28

Case No. 14-CV-02250-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

1   ECF No. 63.  Bajaj made a special appearance and filed an opposition on April 15, 2015.  ECF

2   No. 68.  Plaintiff filed a timely reply.  ECF No. 69.  Ebix filed an opposition on May 29, 2015,

3   ECF No. 81, and Plaintiff filed a timely reply to Ebix's opposition, ECF No. 85.  On August 25,

4   2015, the Court granted in part and denied in part Plaintiff's motion for leave to file a Second

5   Amended Complaint.  ECF No. 95.  The Court permitted Plaintiff to file a Second Amended

6   Complaint with seven causes of action against Bajaj only.  *Id.*

7           On July 30, 2015, Plaintiff filed an ex parte motion to serve Bajaj by publication in the

8   Atlanta Journal-Constitution.  ECF No. 90.  Bajaj filed an opposition to Plaintiff's ex parte motion

9   on August 3, 2015.  ECF No. 91.  Plaintiff filed objections to Bajaj's opposition on August 13,

10   2015.  ECF No. 92.  Plaintiff filed a motion to find that Bajaj has waived service of process on

11   August 19, 2015.  ECF No. 93.  At the Case Management Conference on August 27, 2015, the

12   Court granted Plaintiff's ex parte motion to serve Bajaj by publication and denied as moot

13   Plaintiff's motion to find that Bajaj has waived service of process.  ECF No. 108.

14           Plaintiff filed his Second Amended Complaint on September 4, 2015.  ECF No. 98.  On

15   September 17, 2015, Plaintiff filed a motion for leave to file a motion for reconsideration of the

16   Court's order granting in part and denying in part Plaintiff's motion for leave to file a Second

17   Amended Complaint.  ECF No. 99.  The Court denied Plaintiff's motion for leave to file a motion

18   for reconsideration on November 11, 2015.  ECF No. 104.

19           Bajaj filed the instant motion to dismiss on October 22, 2015.  Plaintiff filed a response on

20   November 5, 2015.  Bajaj filed a reply on November 12, 2015.  ECF No. 105.

21   **II.       LEGAL STANDARD**

22      **A. Rule 12(b)(2)**

23           When a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears

24   the burden of demonstrating that jurisdiction is appropriate."  *Schwarzenegger v. Fred Martin*

25   *Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).  Because this Court has not conducted an

26   evidentiary hearing, Plaintiff "need only make a prima facie showing of jurisdictional facts."  *Sher*

27   *v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990).  While a plaintiff cannot "'simply rest on the

28

Case No. 14-CV-02250-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

United States District Court
Northern District of California

bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true [and] [c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger,* 374 F.3d at 800 (quoting *Amba Mktg. Systems, Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977), and citing *AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996)).

Where, as here, there is no federal statute that governs personal jurisdiction, the Court must apply the law of the state in which it sits. *Schwarzenegger,* 374 F.3d at 800.  In this case, "[b]ecause California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800–01.  That is, for this Court to exercise personal jurisdiction over Defendant, Defendant "must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).  A federal court may exercise either general or specific jurisdiction over a non-resident defendant.  General jurisdiction exists where a defendant has "continuous and systematic" contacts with the forum state such that the defendant may be "haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger,* 374 F.3d at 801.  Specific jurisdiction is more limited in scope and can be exercised where the defendant has sufficient minimum contacts with the forum state, and the plaintiff's claims arise out of those contacts. *Id.* at 801–02.

## B.  Leave to Amend

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).  Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

6

1   previously allowed, undue prejudice to the opposing party by virtue of allowance of the

2   amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d

3   522, 532 (9th Cir. 2008).

**III.     DISCUSSION**

5          The Court begins by briefly describing its March 18, 2015 Order on Bajaj's motion to

6   dismiss the FAC.  In the March 18, 2015 Order, the Court held that Plaintiff had not properly

7   effected service upon Bajaj.  ECF No. 59.  The Court further held that Plaintiff had not alleged

8   facts sufficient to show that the Court could exercise personal jurisdiction over Bajaj.  *Id.*

9   Specifically, the Court held that Plaintiff's assertion in his briefing that Bajaj "personally owned

10  property and lived in California at times relevant to this litigation until approximately 2012," ECF

11  No. 54 at 14-15, was insufficient to support the exercise of general jurisdiction over Bajaj because

12  this assertion was not alleged in either the FAC or an affidavit.  ECF No. 59.  The Court further

13  held that Plaintiff had not alleged a sufficient basis for the exercise of specific jurisdiction because

14  Bajaj's only California contacts alleged in the FAC were those of PlanetSoft, not Bajaj, and

15  Plaintiff did not allege any nexus between PlanetSoft's contacts with California and Plaintiff's

16  cause of action against Bajaj.  *Id.*  The Court cautioned that failure to cure the deficiency in

17  alleging personal jurisdiction over Bajaj would result in a dismissal with prejudice.  *Id.*

18         In the instant motion, Defendant moves to dismiss the SAC for failure to state a claim,

19  failure to properly serve Defendant, lack of personal jurisdiction, and lack of subject matter

20  jurisdiction.  ECF No. 101.  The Court begins by discussing Defendant's argument that the SAC

21  should be dismissed for lack of personal jurisdiction.  Because the Court concludes that the SAC

22  does not allege facts sufficient for this Court to exercise personal jurisdiction over Defendant, the

23  Court does not reach Defendant's remaining arguments for dismissal.

**A.  The Exercise of Personal Jurisdiction Over Bajaj**

25         A federal court may exercise either general or specific jurisdiction over a non-resident

26  defendant.  *Schwarzenegger,* 374 F.3d at 801-02.  Defendant argues that Plaintiff has not alleged

27  facts supporting this Court's exercise of either general or specific jurisdiction over Defendant.

28

7

Case No. 14-CV-02250-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

1   ECF No. 101.  The Court addresses Plaintiff's arguments for general and specific jurisdiction in

2   turn.

3   **1.  General Jurisdiction**

4   The Court may exercise general jurisdiction over a defendant who is domiciled in the

5   forum state.  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

6   Additionally, general jurisdiction over a non-resident exists where a defendant has "continuous

7   and systematic" contacts with the forum state such that the defendant may be "haled into court in

8   the forum state to answer for any of its activities anywhere in the world."  *Schwarzenegger,* 374

9   F.3d at 801.

10  Although the SAC alleges that Defendant resides in California, SAC ¶¶ 2, 13, Plaintiff

11  concedes in his response to Defendant's motion to dismiss that Defendant does *not* in fact reside

12  in California.  *See* ECF No. 103 at 11 ("DEFENDANT has admitted, multiple times in his filings,

13  he does not reside in California.  Plaintiff's investigation has also shown, and DEFENDANT has

14  not and will not dispute, that DEFENDANT is not a residence [sic] of California").  Because

15  Defendant is not a resident of California, general jurisdiction over Defendant exists only if

16  Defendant has sufficient "continuous and systematic" contacts with California.  *Schwarzenegger,*

17  374 F.3d at 801.  However, Plaintiff does not argue that Defendant has sufficient "continuous and

18  systematic" contacts with California to establish the Court's general personal jurisdiction over

19  Defendant.  *See generally* ECF No. 103.

20  Instead, Plaintiff argues that general jurisdiction is appropriate in the instant case because

21  Defendant has submitted to the Court's jurisdiction by "making general appearances" to both

22  contest jurisdiction and assert additional defenses.  ECF No. 103 at 9-10.  "Defendants can waive

23  the defect of lack of personal jurisdiction by appearing generally without first challenging the

24  defect in a preliminary motion, or in a responsive pleading."  *Jackson v. Hayakawa*, 682 F.2d

25  1344, 1347 (9th Cir. 1982).  However, Federal Rule of Civil Procedure 12(b) explicitly allows a

26  defendant to combine a 12(b)(2) defense with any other 12(b) defense.  Fed. R. Civ. P. 12(b) ("No

27  defense or objection is waived by joining it with one or more other defenses or objections in a

28  

Case No. 14-CV-02250-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1    responsive pleading or motion.").  In the instant case, Defendant has challenged the Court's

2    exercise of personal jurisdiction over Defendant in each of Defendant's filings before this Court.

3    *See* ECF Nos. 53, 55, 68, 91, 101, 105 (Defendant's filings in the instant case, each of which

4    challenges the Court's exercise of personal jurisdiction over Defendant).  Therefore, Defendant

5    has not submitted to the Court's exercise of personal jurisdiction through his participation in this

6    lawsuit.

7        Because Plaintiff has not met his burden of showing that the Court may exercise general

8    personal jurisdiction over Defendant, *see Schwarzenegger,* 374 F.3d at 800 ("[T]he plaintiff bears

9    the burden of demonstrating that jurisdiction is appropriate"), the Court turns to whether Plaintiff

10   has shown that the Court may exercise specific personal jurisdiction over Defendant.

11       **2.  Specific Jurisdiction**

12       The Ninth Circuit has developed a three-prong test for analyzing whether a non-resident

13   defendant is subject to specific personal jurisdiction:

14       (1)  The non-resident defendant must purposefully direct his activities or consummate some

15            transaction with the forum or resident thereof; or perform some act by which he

16            purposefully avails himself of the privilege of conducting activities in the forum, thereby

17            invoking the benefits and protections of its laws;

18       (2)  the claim must be one which arises out of or relates to the defendant's forum-related

19            activities; and

20       (3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must

21            be reasonable.

22   *Schwarzenegger,* 374 F.3d at 802.  The plaintiff bears the burden of establishing the first two

23   prongs of the test.  *Id.*  "If the plaintiff succeeds in satisfying both of the first two prongs, the

24   burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction

25   would not be reasonable."  *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–78,

26   (1985)).

27       The entirety of Plaintiff's argument in support of the exercise of specific jurisdiction over

28

United States District Court
Northern District of California

9

Case No. 14-CV-02250-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

Defendant is as follows:

> Plaintiff alleges that DEFENDANT, as the President of PLANETSOFT, "purposefully directed PLANETSOFT activities at businesses and consumers that resided in California and benefited from doing said business in California." *SAC*, ¶ 14.   Plaintiff also alleged that DEFENDANT, with the help of a California-based attorney, Mr. Shivbir Grewal, negotiated, on behalf of PLANETSOFT, a buyback settlement of Plaintiff's equity interest in PLANETSOFT.   *SAC*, ¶ 16.   These settlement negotiations contributed to Plaintiff's belief DEFENDANT would buyback his equity interest in PLANETSOFT.

ECF No. 103 at 11.  In this argument, Plaintiff identifies two California-based activities that Plaintiff contends support the exercise of specific jurisdiction in California: (1) Defendant directed PlanetSoft's business activities in California; and (2) Defendant negotiated a settlement agreement with Plaintiff through the help of a California-based attorney.  The Court addresses each of these activities in turn.

### a.   PlanetSoft's California Business Activities

In the SAC, Plaintiff alleges that Defendant is the President of PlanetSoft, and that PlanetSoft conducts business in California.  SAC ¶¶ 14-15.  Plaintiff argues that by directing PlanetSoft's business activities in California, Defendant is subject to specific jurisdiction in California.  ECF No. 103.  Defendant does not dispute that Defendant is the President of PlanetSoft and that PlanetSoft conducts business in California.  ECF Nos. 101, 105.  Instead, Defendant argues that Plaintiff has not established that PlanetSoft's activities in California can be attributed to Defendant for purposes of this Court's exercise of specific jurisdiction over Defendant.  *Id.*

"The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well."  *Winery v. Graham*, No. C 06-3618 MHP, 2007 WL 963252, at *5 (N.D. Cal. Mar. 29, 2007).  To the contrary, the fiduciary shield doctrine protects an individual from being subjected to personal jurisdiction based on acts undertaken in the individual's corporate capacity.  *See Davis v. Metro Productions, Inc.,* 885 F.2d 515, 520 (9th Cir.1989) ("[A] person's mere association with a

Case No. 14-CV-02250-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1    corporation that causes injury in the forum state is not sufficient in itself to permit that forum to

2    assert jurisdiction over the person.").  There are two circumstances under which the fiduciary

3    shield doctrine does not apply: "(1) where the corporation is the agent or alter ego of the

4    individual defendant; or (2) by virtue of the individual's control of, and direct participation in the

5    alleged activities." *Mulato v. Wells Fargo Bank, N.A.,* 76 F. Supp. 3d 929, 945 (N.D. Cal. 2014)

6    (quoting *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.,* No. 08–cv–4254 PJH, 2009 WL 29905, at *5

7    (N.D. Cal. Jan. 5, 2009)).

8          Plaintiff has not shown that either exception to the fiduciary shield doctrine applies in the

9    instant case.  As to the first exception, Plaintiff has not alleged that PlanetSoft has no separate

10    existence such that it might be treated as the alter ego of Defendant.  *See Flynt Distributing Co.,*

11    *Inc. v. Harvey,* 734 F.2d 1389, 1393–94 (9th Cir.1984) (stating that where a corporation is the

12    alter ego of its owners, jurisdiction over the corporation supports jurisdiction over the owners).

13          Similarly, with respect to the second exception, Plaintiff has not alleged that Defendant

14    was in control of and a direct participant in PlanetSoft's business activities in California.  *See*

15    *Mulato*, 76 F. Supp. at 945 (stating that the fiduciary shield doctrine may not apply "by virtue of

16    the individual's control of, and direct participation in the alleged activities").  Absent allegations

17    that an exception to the fiduciary shield doctrine applies in the instant case, Defendant cannot be

18    subject to personal jurisdiction in California solely because he is president of a company that did

19    business in California.  *See Winery v. Graham,* No. 06-3618, 2007 U.S. Dist. LEXIS 22858, at 15

20    (N.D. Cal. Mar. 28, 2007) ("The mere fact that a corporation is subject to local jurisdiction does

21    not necessarily mean its nonresident officers, directors, agents, and employees are suable locally

22    as well."); *see also* March 18, 2015 Order (rejecting Plaintiff's argument that PlanetSoft's

23    California-based activities could be the basis of specific jurisdiction over Defendant).

24          Furthermore, even if PlanetSoft's contacts with California could be attributed to Bajaj,

25    Plaintiff has failed to satisfy the second prong of the specific jurisdiction analysis, that is, whether

26    Plaintiff's claims arise out of or relate to Defendant's forum-related activities.  Specifically,

27    Plaintiff has failed to allege any nexus between PlanetSoft's business activities in California and

28

Case No. 14-CV-02250-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

1  Plaintiff's causes of action.  Plaintiff's causes of action arise out of the alleged breach of an MOU

2  that described Plaintiff's responsibilities in New York and New Jersey, while Bajaj resided in

3  Massachusetts.  *See* SAC.  Thus, the causes of action do not relate to PlanetSoft's business

4  activities in California.

5  The Court therefore concludes that PlanetSoft's business activities in California are not

6  sufficient for the Court to exercise specific jurisdiction over Bajaj.

7  **b.  Settlement Negotiations**

8  Plaintiff additionally argues that the Court may exercise specific jurisdiction over

9  Defendant based on the fact that in 2008, Defendant, with the assistance of a California-based

10  attorney, negotiated a buyback settlement agreement with Plaintiff while Plaintiff and Defendant

11  both resided in California.  ECF No. 103 at 11.  Plaintiff states that Defendant participated in these

12  negotiations on behalf of PlanetSoft.  *Id.*  Plaintiff further alleges that these settlement negotiations

13  resulted in a draft settlement agreement that was never signed or executed.  SAC ¶ 48.

14  As with PlanetSoft's business activities in California, Plaintiff has not argued that

15  Defendant's settlement negotiations on behalf of PlanetSoft may be attributed to Defendant

16  individually.  Without showing that an exception to the fiduciary shield doctrine applies, Plaintiff

17  has not shown that Defendant is subject to personal jurisdiction based on acts undertaken in

18  Defendant's corporate capacity as the representative for PlanetSoft.  *See Davis,* 885 F.2d at 520

19  (holding that, absent an exception, the fiduciary shield doctrine protects an individual from being

20  subjected to personal jurisdiction based on acts undertaken in the individual's corporate capacity).

21  Even assuming, *arguendo*, that the settlement negotiations could be ascribed to Defendant

22  personally, the Court finds that the contacts associated with negotiating an unsigned,

23  unenforceable draft contract are too attenuated to satisfy the purposeful availment prong of the

24  specific jurisdiction inquiry.  The purposeful availment prong "ensures that a defendant will not be

25  haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the

26  unilateral activity of another party or a third person."  *Burger King Corp.,* 471 U.S. at 475.  The

27  Ninth Circuit has held that contract negotiations within the forum state satisfy the purposeful

28

12

1    availment prong of the specific jurisdiction analysis only where the defendant's negotiations

2    "allow[] or promote[] the transaction of business within the forum state." *Sinatra v. Nat'l*

3    *Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988).  Thus, the Ninth Circuit has held that specific

4    jurisdiction in California is appropriate for claims of breach of contract arising out of contracts "at

5    least partially negotiated in California and actually formed in California." *Data Disc, Inc. v.*

6    *Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1287-88 (9th Cir. 1977).

7        In the instant case, no contract was actually formed, in California or elsewhere, as a result

8    of Defendant's alleged settlement negotiations in California.  SAC ¶ 48.  Likewise, Plaintiff points

9    to no evidence that the unsuccessful settlement negotiations "allow[ed] or promote[d]

10    [Defendant's] transaction of business within the forum state."  *See Sinatra*, 854 F.2d at 1195.

11    Absent evidence that the settlement negotiations were part of "ongoing efforts by [Defendant] to

12    avail [himself] of the benefits and protections of California," the ultimately unsuccessful

13    settlement negotiations in California do not satisfy the purposeful availment prong of the specific

14    jurisdiction analysis.  *See BJI Energy Sol'ns, LLC v. Artemis Techs. d/b/a Alphpa-Lite*, No. CV

15    04-1521-RGK(JTLX), 2004 WL 1498164, at *3-4 (C.D. Cal. June 17, 2004) (holding that

16    unsuccessful contract negotiations in California that resulted in an unsigned draft contract were

17    insufficient to establish personal jurisdiction in California because the plaintiff had not produced

18    evidence of "ongoing efforts" by the defendant "to avail itself of the benefits and protections of

19    California").

20        Therefore, Plaintiff has not met his burden to show that this Court may exercise specific

21    jurisdiction over Defendant.  *See Schwarzenegger,* 374 F.3d at 800 ("[T]he plaintiff bears the

22    burden of demonstrating that jurisdiction is appropriate.").

23        Because Plaintiff has not demonstrated that the Court may exercise either general or

24    specific jurisdiction over Defendant, the Court GRANTS Defendant's motion to dismiss the SAC

25    under Rule 12(b)(2) for lack of personal jurisdiction.

26    **B. Leave to Amend**

27        The Court now turns to whether to grant Plaintiff leave to amend his complaint.  The Court

28

13

Case No. 14-CV-02250-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

1    may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part

2    of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

3    prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

4    amendment." *See Leadsinger*, 512 F.3d at 532.

5          In the instant case, the Court previously dismissed Plaintiff's First Amended Complaint for

6    failure to properly serve Baja and for lack of personal jurisdiction as to Bajaj.  March 18, 2015

7    Order.  The Court gave Plaintiff an opportunity to amend his complaint to address the Court's

8    concerns as to personal jurisdiction.  *Id.*  In the March 18, 2015 Order, the Court warned Plaintiff

9    that failure to cure the deficiencies in personal jurisdiction would result in dismissal with

10   prejudice.  *Id.*  Plaintiff's SAC has failed to cure the personal jurisdiction deficiencies.  Giving

11   Plaintiff an additional opportunity to amend his complaint to address personal jurisdiction would

12   be futile, would cause undue delay, and would unduly prejudice Defendant by requiring Defendant

13   to file repeated motions to dismiss on personal jurisdiction grounds.  Therefore, the Court's

14   dismissal of Plaintiff's SAC is with prejudice.  *See Leadsinger*, 512 F.3d at 532.

15   **IV.    CONCLUSION**

16         For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss with

17   prejudice.

18   **IT IS SO ORDERED.**

19

20   Dated: February 2, 2016

21                                                            *Lucy H. Koh*
                                                             _____
22                                                           LUCY H. KOH
                                                             United States District Judge
23

24

25

26

27

28

Case No. 14-CV-02250-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California